IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ) <br> MHG-PORTLAND, LLC d/b/a ) <br> EASTLAND PARK HOTEL, ) <br> ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. <br><br> <u>COMPLAINT AND</u> <br> <u>JURY TRIAL DEMAND</u> |

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and retaliation and to provide appropriate relief to Ayan Ahmed Farah ("Farah") who is Muslim and was adversely affected by such practices. The allegations upon which this case is brought are described in further particularity in paragraph 7, below.

## **JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maine.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, MHG-Portland ("MHG"), has continuously been a Delaware corporation, doing business in the State of Maine, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Farah filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least October 2005, Defendant has engaged in unlawful employment practices through its management of the Eastland Park Hotel in Portland, Maine in violation of Section 703 (a) and 704 (a) of Title VII, 42 U.S.C. §2000e-(a) and (b). These practices include, but are not limited to, the following:

a)  Farah is Muslim and prays daily in observance of her sincerely held religious beliefs.

b)  On or about January 4, 2006, Defendant interrupted, interfered with, and discontinued Farah's religious accommodation (prayer during afternoon break) which it had previously provided since her hire in October of 2004.

2

  c) On or about January 4, 2006, Farah composed and presented a letter of complaint to Defendant regarding the adverse change in her religious accommodation.

  d) On or about January 5, 2006, Defendant asked Farah to recant her letter of complaint. Farah refused and was sent home.

  e) On or about January 10, 2006, Defendant terminated Farah for opposing Defendant's discontinuance of her religious accommodation and because of her religion.

  8. The effect of the practices complained of in paragraph 7 above has been to deprive Farah of equal employment opportunities and otherwise adversely affect Farah because of her religion and for engaging in protected activity.

  9. The unlawful employment practices complained of in paragraph 7 above were intentional.

  10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to Farah's federally protected rights.

## PRAYER FOR RELIEF

  Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion and which retaliates against individuals who engage in protected activity.

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal opportunities for individuals with sincerely held religious beliefs and those individuals who engage in protected activity, and which provide affirmative relief necessary to eradicate the effects of their unlawful employment practices,

C. Order Defendant to make Farah whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to, front pay and reinstatement.

D. Order Defendant to make Farah whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering and inconvenience in amounts to be determined at trial.

E. Order Defendant to pay Farah punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: Boston, Massachusetts
September 26, 2007

4

Respectfully submitted,

        Ronald Cooper
        General Counsel
        James L. Lee
        Deputy General Counsel
        Gwendolyn Y. Reams
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 L Street, N.W.
        Washington, D.C.   20507


/s/ **Elizabeth Grossman**
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
NY, NY 10004-2112
(212) 336-3696
Elizabeth.Grossman@eeoc.gov

**/s/ R. Liliana Palacios-Baldwin**
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3188
Rosa.Baldwin@eeoc.gov